Distinction in the cases, held material by justices Owsley and Mills, not by the chief justice.

---

## *Elizabeth Glenn vs. Eleanor Glenn, ex'x. and devisee of John Glenn, dec.*

Appeal from the Bullitt Circuit; PAUL I. BOOKER, Judge.

*Husband and wife. Alimony. Devises. Election.*

Chief Justice BIBB delivered the Opinion of the Court.

In 1822, Elizabeth Glenn, the widow of John Glenn, deceased, exhibited her bill, against

CHANCERY.

Case 53.

May 8.

Bill of Elizabeth Glenn.

GLENN
vs.
GLENN, ex'x.

Eleanor Glenn, executrix and sole devisee of John Glenn, against Silas Burks, and against the heirs of Polly Hill, who was afterward Polly Childress; and against R. O. Childress the husband of said Polly:

1st.  For Alimony.

2nd.  To set up, and establish and pursue, her rights and consequences under this writing.

Deed of gift,

"North Carolina, Rockingham county: To all people to whom these presents may come.  I John Glenn, jun. of county aforesaid, send greeting: Know ye, that I the said John Glenn, for and in consideration of the natural love and affection which I have and bear unto my step daughter, Polly Hill, and divers good causes and considerations, me hereunto moving, have given, granted, and by these presents do give and grant unto the said Polly Hill, her heirs and assigns forever, the following negroes, to-wit: Thomas, Dolly, Easter, Edmond and Fanny, together with their future increase; but to be under the express proviso, and condition, that my wife Elizabeth and myself, have and keep the said negroes in our peaceable possession during our natural lives.  In Witness whereof, I have hereunto set my hand and seal this——day of January, anno domini, 1800.

(Signed)                 *John Glenn*, (Seal.)"

"Signed, sealed, and delivered, in the presence of
*Thos. Henderson.*
*A. Henderson.*"

3rdly.  For her distributive share of the slaves and personal estate as widow of said Glenn.

Facts of the case.

It appears that said John Glenn, married the complainant, then a widow, in North Carolina, shortly before the date of the instrument of writing; the slaves therein mentioned were the property of said Elizabeth, before the marriage; the husband was possessed of them in North Carolina, and abandoned his wife about the year 1811, and came to Kentucky, bringing with him the slaves or some of them; about the year 1813, he married the defendant Eleanor, and died in 1821, having first devised his whole estate to his second wife, and appointed her sole ex-

ecutrix.   She obtained letters of probate in Bullitt
county, in this State, wherein he died.

The executrix resists the claim under the deed; re-
lies on the statute of limitations, and also a verdict
and judgment in detinue in her favor at the suit of
the said  Elizabeth, founded on said bill of sale.
Finding that complainat was the wife of said Glenn,
the executrix put in her claim as a creditor for mon-
ey which Glenn received of her after the marriage,
in Kentucky, and for services of herself and chil-
dren by her former husband, yet claiming as s ol
devisee.

Burks had purchased two of the slaves of Glenn,
in his lifetime.   The court dismissed the bill as to
Burks; entered an interlocutor, by which the claims,
for alimony and under the deed of gift were reject-
ed; admitted the claim of the widow, (the com-
plainant) for her share of the slaves of which
Glenn died possessed, and of his personal estate after
payment of debts; admitted the executrix to come
in as creditor for the money which the testator
had received belonging to her; rejected the claim
for the services of herself and children, and appoint-
ed a commiasioner to state and report the accounts
according to the principles of the decree; from this
the complainant with the assent of the defendant
appealed, and by consent the suit was dismissed as
to the husband and heirs of Polly Childress, with-
out prejudice to their claims.

The claim for alimony was properly rejected.   A
bill after the death of the husband, for alimony
from the time of abandonment to her husband's
death, is a new species of suit, without precedent,
and against the principles upon which a suit for ali-
mony is sustained.

The writing from the husband made in North
Carolina is of such singular character, that it has
produced much perplexity.   Judge Mills is of opin-
ion, that it ought to be supported in equity, as good
inter partes, even if it were ineffectual at law; that
the step-daughter was a trustee for the use of Glenn
and wife during their joint lives, and for the survi-

*Marginalia (right column):*

GLENN
vs.
GLENN, ex'x.

Answer of the defendant.

Decree of the circuit court.

Suit for ali-
mony not
maintainable
after the hus-
band's death.

Effect of the
husband's
deed of gift
to the step-
daughter, of
slaves acquir-
ed by the
marriage, re-
serving an es-

GLENN
vs.
GLENN, ex'x.
——
tate to the
grantor and
his wife for
their lives, in
a case be-
tween widow
and hus-
band's devi-
see.

vor during life; that as the property was of the es-
tate of the wife before her marriage, and the intent
of the deed was to provide for her in case she sur-
vived, the consideration is such as to merit the
countenance and support of a court of equity.
Judge Owsley is of opinion, that the wife of the
grantor, can take nothing by it, even if it were good
as to the grantee Polly, after the determination of the
two lives. The Chief Justice is of opinion, that
after the dismission of the bill by consent as to the
representatives of Polly Hill, and after the trial in
detinue, fully and fairly had upon the merits, the
complainant is concluded and barred from setting up
any claim under that deed: the bill being for the on-
ly two slaves demanded by the action of detinue re-
lied on by the answer: therefore, *that no opinion
on the deed of gift is called for.* The result of these
opinions is, that the complainant can have no relief
or benefit from her claim against the executrix by
force of that deed.

The claims of the executrix for servicies of her-
self and children were properly disallowed. The
circumstances under which those services were ren-
dered repel any implied assumpsit by Glenn to pay
for them otherwise than by the support and main-
tenance which they did actually receive.

Judges Mills and Owsley are of opinion, that the
decree is correct in admitting the claim of Eleanor,
as a creditor, to the amount of the money which
the testator received after his marriage with her;
that the marriage being void she is at liberty to re-
claim her money, which he received as supposed
husband; that she is at liberty to protect the share
devised to her from being lessened, by asserting her
claim as creditor in common with other claimants
upon that fund; that she is not bound, to yield her
claim as creditor because she is executrix and resid-
uary devisee, nor to elect whether she will claim as
creditor or legatee, any more than another creditor
would have been if made executor and residuary
devisee.

Dissent of the
Chief justice.

The Chief Justice is of opinion that, from the
length of time which has elapsed since that money

was received, the circumstances under which it was received, the co-habitation of the parties, and the devise to her of his whole estate, real and personal, the utmost which a court of equity ought to permit the said Eleanor to do, is, to make her election to abandon the devise to her in consideration of the void marriage, and come in as creditor, or yield her claims as creditor and take as devisee. If she is permitted to come in as creditor, it is by courtesy, not as of strict right. The circumstances under which Glenn was permitted to receive and use the money, the manner in which the parties lived together, would seem to negative the idea of any assumpsit or debt from him to her. It is true, the marrige is void in law, (except as to the issue of such second marriage living the first wife, the issue being legitimated by our statute,) and thus one of the considerations upon which the said Eleanor permitted Glenn to use her money has failed. But the devise to her is as wife, in consideration of the said marriage, and their intercourse. The testator so calls her in his will and in the devise to her. He received the money of the defendant Eleanor as husband, and compensated it by support of her and the devise to her as wife. She ought not to be permitted to claim under the will as wife and devisee in consideration thereof, and also in opposition to it as no wife, and therefore, as creditor by indulgence and courtesy. By the devise to Eleanor, she is placed by Glenn, the double husband, in a better condition than that of the lawful wife. It ill accords with the principles of equity to suffer Eleanor, the second wife, after having done the first wife the greatest injury, as appropriator of the person, affections and property of her husband, to inflict farther loss by lessening the lawful share of the lawful wife, by her double claim as creditor and residuary devisee. It seems to me that the devise to Eleanor ought to be taken as made in satisfaction to her for that portion of money and property which she carried to Glenn: taking all the circumstances connected with the devise to her as wife, so called in the will, and I cannot doubt that the devise was superinduced by the property he had received and the connex-

GLENN
vs.
GLENN, ex'x.

ion which had existed between them as man and wife; that connexion existed in fact until dissolved by death, and the will is the consequence and sequel of it.

The dismissal of the bill as to Burks, the purchaser from Glenn, is approved by the whole court.

Decree.

CERTIFICATE.—This cause came on to be heard on the transcript of the bill, answers, exhibits, depositions, and proofs, and the arguments of counsel of both parties; whereupon, differences of opinion arose among the judges upon some of the questions in the case, the result of which, is, that the decree of the circuit court is to be affirmed. It is, therefore, ordered and decreed, that the said decree of the circuit court be affirmed, and that the cause be remanded to that court, for the purpose of proceeding to a final decree according to the principles of said interlocutor, and for such other and further proceedings as are conformable to the usages and principles of courts of equity.

Appellee to be paid her costs in this court.

*Denny* and *Mayes* for appellant; *Crittenden* for appellee.